**J.R. DUCKWORTH, Superintendent, Indiana State Prison, Appellant (Defendant Below),**

v.

**Ralph WILLIAMS, Ernest Strickland, Arthur Wilson, James Hendrix, Frank Wright, Donald Sceifers, Robert Huggins, James Lynn, William Adams, Donald Lock, Samuel Brown, Edward Henderson, Lee Lynk, James Maxey, Willard Swanson, Hollis L. Manna, David A. Green, and David L. Williams, Appellees (Plaintiffs Below).**

No. 3–1085–A–292.

Court of Appeals of Indiana, Third District.

July 3, 1986.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellant.

Lawrence W. Arness, Michigan City, for appellees.

STATON, Presiding Judge.

The trial court below ordered the State Department of Corrections (Department) to allow counsel for certain offenders confined at the Indiana State Prison to inspect the offenders' confidential files in preparation for parole or clemency hearings. The Department appeals, arguing that the trial court erred in granting the order.

We reverse and remand for an in camera inspection of the files by the trial court.

This appeal is a consolidation of two cases below in which eighteen offenders petitioned the trial court for an order granting their counsel, Lawrence W. Arness, access to their confidential records. Each of the offenders was alleged to be seeking parole or clemency, and this assertion was not challenged by the Department.

At both hearings, the petitioning offenders argued that their counsel needed access to their confidential files because it was possible that documents in them contained errors or had been erroneously classified as confidential. The offenders offered no evidence to support their petition.

At the hearing on the second petition, William Hartley, Supervisor of Classification for the Indiana State Prison, testified that he, the Superintendent, and the Assistant Superintendents have responsibility for determining what portions of an offender's record are confidential, although the final authority rests with the Superintendent. Offender files are reviewed on a regular basis by counselors, case managers, unit managers, and other administrative staff. Both Hartley and Superintendent J.R. Duckworth testified that, although review procedures are in place, errors are still possible.

At the close of both hearings, the trial court ordered full access to the files for Arness, the offender's counsel, but prohibited him from divulging any information from the files to the offenders or anyone else without obtaining court authorization on a document by document basis. The effects of these orders were stayed pending this appeal.

The Indiana Code at 11–13–3–3 provides that, in accordance with IC 11–8–5–2, a person being considered for parole shall be given access to records and reports considered by the parole board in making its parole decision. IC 11–8–5–2(a) enables the Department to classify the following types of information in the offender's file as confidential:

(1) Medical, psychiatric, or psychological data or opinion which might adversely affect that person's emotional well-being.

(2) Information relating to a pending investigation of alleged criminal activity or other misconduct.

(3) Information which, if disclosed, might result in physical harm to that person or other persons.

(4) Sources of information obtained only upon a promise of confidentiality.

(5) Information required by law or promulgated rule to be maintained as confidential.

The statute further provides that the Department may deny the offender and others access to his confidential records, although such information shall be disclosed upon the order of a court. IC 11–8–5–2(b)(1).

The Department rules promulgated under IC 11–8–5–2 provide, in part:

(B) Confidential information shall include personal or private information concerning the offender including, but not limited to his education, medical history, criminal or employment records, finger and voice prints, photographs of his presence, institutional summaries, social history reports, progress reports, educational, vocational and diagnostic reports.

Confidential information shall, also, include medical, psychiatric and psychological reports, criminal intelligence information and information of clinical reports emanating from an approved drug or substance abuse program consistent with prevailing law or promulgated regulations.

210 IAC 1–6–2(B).

Special provision is made for the offender's attorney, by court order, to have access to confidential material in the record. 210 IAC 1–6–6(B). However, no standard is set out for the granting of such a court order, and this is the crux of the dispute in this appeal.

■ The Department argues that the trial court erred in ordering disclosure to the offender's counsel in this case because the offenders did not establish that the materials they sought were erroneous or were erroneously classified as confidential. We do not agree that such a showing is necessary, nor is it even possible without access to the very records that are being sought.

■ The Department argues that without such a required showing, the statutes and rules allowing it to classify some materials as confidential are meaningless. This is not the case. The granting or denial of a court order directing disclosure is within the sound discretion of the trial court, and the court must weigh the interest of the Department in keeping certain materials secret against the interest of the offender and his attorney in obtaining the materials to prepare for a parole or clemency hearing. *See Murphy v. Indiana Parole Board* (1979), 272 Ind. 200, 397 N.E.2d 259. Because the thrust of the statutes and Department rules is to restrict access to certain kinds of information, the trial court should not grant a disclosure order unless the offender's interest outweighs the Department's.

■ The Department suggests that the offenders' interest is insubstantial—a mere hope of parole. It is true that an offender has no expectation of parole requiring due process protection. *Murphy v. Indiana Parole Board, supra,* 397 N.E.2d at 263. However, the statutes and Department rules give both the offender and his counsel the right of access to his confidential files with a court order, and the trial court must exercise its own discretion in determining whether such an order is appropriate. Because the interests of the Department and of the offender vary with respect to each document, the trial court must conduct an in camera inspection of the files to determine their respective interests on a document by document basis.

The Department's interest in confidentiality is especially great when disclosure of a document could threaten an individual's safety. For example, criminal intelligence reports concerning the offender's

conduct while incarcerated should be examined very closely, to determine whether witnesses are named or otherwise identified and might thus be put in danger. The Department's interest in maintaining the confidentiality of letters or statements from private citizens protesting the offender's possible release may also be great. *See Avery v. Webb* (1985), Ind.App., 480 N.E.2d 281. And under no circumstances should an offender be given access to the name and address of a victim of a forcible felony requesting notification of his scheduled parole hearing. IC 11–13–3–3(c), (f).

The offender's interest in each document varies with the document's importance to the parole determination. Where this interest outweighs the Department's interest in keeping a document secret, the trial court may order the Department to disclose it. Restrictions, such as those in the order before us providing access to the offender's counsel but not to the offender himself, are helpful in protecting the interests of the Department and those whose identity it may be concealing. However, while we would not impugn the ethics of our criminal defense bar, such restrictions may not be enough. The trial court must exercise its discretion.

Because the trial court below granted its disclosure order without conducting an in camera inspection of the offender files, we vacate the order and remand for further proceedings, including such an inspection, consistent with this opinion.

HOFFMAN and GARRARD, JJ., concur.